FILED _____ ENTERED
LODGED _____ RECEIVED

JUN 3 0 2005

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL GRAHAM, #1998535
        Petitioner        :

    v.                    :  CIVIL ACTION NO. CCB-05-280

BALTIMORE CITY JAIL WARDEN and  :
THE ATTORNEY GENERAL OF THE
    STATE OF MARYLAND    :
        Respondents

## MEMORANDUM

The instant petition for 28 U.S.C. § 2254 habeas corpus relief, dated January 26, 2005, was filed with this court on January 28, 2005.[1] It attacks a three year sentence imposed in the Circuit Court for Baltimore City on February 7, 2002, and commenced retroactively to October 25, 2001.[2] Respondents assert that the present petition should be dismissed because, at the time he filed the petition, petitioner was not in custody with respect to the conviction he sought to challenge. They also assert that the petition is time-barred. (Paper No. 8). Petitioner asserts that the petition is not time-barred, and requests that Respondents' dispositive pleading be stricken. (Paper No. 10). A hearing is not required to resolve the issues raised in the petition.[3] *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts.* For reasons to

---

[1]     The court will treat the petition as if filed on January 26, 2005. *See United States v. Dorsey*, 988 F.Supp. 917, 919-20 (D. Md. 1998) (rejecting limitations defense due to applicability of prison mail box rule to petition filed pursuant to 28 U.S.C. § 2255).

[2]     On December 21, 2001, a jury convicted petitioner of wearing, carrying, or transporting a handgun, and also convicted him of obliterating an identification mark on the gun. (Paper No. 8, Exhibits 1 and 2). Although petitioner was sentenced to concurrent three year terms for these convictions, the Maryland Court of Special Appeals vacated the obliteration conviction on June 26, 2003. The remaining handgun conviction was affirmed. (*Id.*).

[3]     Petitioner moves to consolidate the instant petition with an action he anticipates filing in connection with a pending prosecution. (Paper No. 1 at ¶ 17). The request to consolidate is denied. To the extent that petitioner seeks to file an action concerning injuries incurred due to the allegedly wrongful calculation of his release time on charges unrelated to the conviction at issue here, he may do so in a separate lawsuit.

follow the petition shall be denied and dismissed with prejudice.

Under 28 U.S.C. § 2254, a federal court has jurisdiction to grant a petition for writ of habeas corpus only if the petitioner is "in custody" under the state court conviction which he challenges. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). "Once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."[4] *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

It is clear that petitioner is no longer in custody on the conviction challenged here..[5] For the foregoing reasons, a separate Order shall be entered dismissing the instant petition for habeas corpus relief for lack of jurisdiction under 28 U.S.C. § 2254.

Date: ___6/30/05___       _____

                          Catherine C. Blake
                          United States District Judge

---

[4]     *Maleng* does, however, offer the possibility that, if a petitioner is in custody under a second conviction and the sentence for that conviction was enhanced by virtue of a prior conviction for which the sentence has completely expired, the petitioner could question the legality of a prior expired conviction through a habeas petition challenging the second conviction. *Id.* at 492-493; *see also White v. Butterworth*, 70 F.3d 573, 574 (11th Cir. 1995), *corrected*, 78 F.3d 500 (11th Cir. 1996); *Young v. Vaughn*, 83 F.3d 72, 74 (3rd Cir. 1996). However, the expired conviction may not be attacked directly in a habeas action. *Id.*; *see Gamble v. Parsons*, 898 F.2d 117, 188 (10th Cir. 1990). Moreover, federal review of an expired state conviction that has been used to enhance a current sentence is available only if the petitioner did not have the opportunity to fully and fairly litigate his challenge to the constitutionality of the prior conviction(s) in state post-conviction proceedings. *Smith v. Farley*, 25 F.3d 1363, 1365-70 (7th Cir. 1994). Here, petitioner did not avail himself of an opportunity for state post conviction relief.

[5]     Accordingly, the court need not address the parties' arguments concerning the timeliness of the petition.